UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. ESTRADA,<br><br>            Plaintiff,<br><br>      vs.<br><br>M. JENNINGS, et al.,<br><br>            Defendants | 1:15-cv-01178-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO SEAL COMPLAINT (ECF No. 2.) |

**I.      BACKGROUND**

David A. Estrada ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.  On July 29, 2015, Plaintiff filed the Complaint commencing this action, together with a motion to seal the Complaint. (ECF No. 1.)

**II.     SEALING DOCUMENTS**

Federal courts have recognized a strong presumption that judicial records are accessible to the public.  Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006).  "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point."  Id. (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003).  Generally, if a party seeks to seal a judicial record, the party bears the burden of overcoming this presumption by articulating "compelling reasons supported

1

by specific factual findings" to justify sealing the records at issue.  <u>Kamakana</u>, 447 F.3d at 1178.

Pursuant to Federal Rule of Civil Procedure 5.2(d), a court "may order that a filing be made under seal without redaction," and the Supreme Court has acknowledged that the decision to seal documents is "one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case," <u>Nixon v. Warner Communications, Inc.</u>, 435 U.S. 589, 599, 98 S.Ct. 1306, 1312 (1978).  Courts should consider "the interests [of] the parties in light of the public interest and the duty of the courts." <u>Hagestad v. Tragesser</u>, 49 F.3d 1430, 1434 (9th Cir. 1995) (quoting <u>Nixon</u>, 435 U.S. at 602). The party opposing disclosure has the burden of proving "good cause."  See <u>In re Roman Catholic Archbishop of Portland</u>, 661 F.3d 417, 424 (9th Cir. 2011) (citation omitted).

"Under the 'compelling reasons' standard, a district court must weigh 'relevant factors,' base its decision 'on a compelling reason,' and 'articulate the factual basis for its ruling, without relying on hypothesis or conjecture.'" <u>Pintos v. Pacific Creditors Ass'n</u>, 605 F.3d 665, 679 (9th Cir. 2010) (quoting <u>Hagestad</u>, 49 F.3d at 1434).  In general, when "'court files might have become a vehicle for improper purposes' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets," there are "compelling reasons" sufficient to outweigh the public's interest in disclosure.  <u>Kamekana</u>, 447 F.3d at 1179 (internal citations and alterations omitted).  However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." <u>Id.</u> (citing <u>Foltz</u>, 331 F.3d at 1136.

Plaintiff requests the court to seal the Complaint and its exhibits, and to redact any mention of his California Youth Authority (CYA) juvenile file.  Plaintiff alleges that the defendants in this case, who are prison officials at Corcoran State Prison where Plaintiff is presently incarcerated, violated his Eighth and Fourteenth Amendment rights and California Welfare and Institution Codes 827 and 828 by incorporating by reference his CYA juvenile master file's disciplinary history.

**Discussion**

Plaintiff's Complaint, as submitted to the court, consists of only seven pages, with no exhibits. (ECF No. 1.) The Complaint appears to be incomplete, as it directs the court to "see pages 8 through 17 at paragraphs 1 through 57 and Exhibit A and B" for Plaintiff's supporting facts. (ECF No. 1 at 3 ¶IV.) There is no mention of Plaintiff's CYA juvenile file in the Complaint as submitted, and Plaintiff has not shown good cause for the court to prohibit the mere acknowledgement in this case that Plaintiff has a CYA juvenile file. Therefore, the court finds no compelling reason to seal the Complaint at this stage of the proceedings, and Plaintiff's motion shall be denied.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion to seal the Complaint is DENIED.

IT IS SO ORDERED.

   Dated:   **July 30, 2015**                    **/s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE