UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. ESTRADA, | 1:15-cv-01178-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO EXCEED PAGE LIMITS (ECF No. 3.) |
| vs. | |
| M. JENNINGS, et al., | |
| Defendants | |

## I.      BACKGROUND

David A. Estrada ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.   On July 29, 2015, Plaintiff filed the Complaint commencing this action, together with a motion to exceed the twenty five-page limit for his Complaint and exhibits.  (ECF Nos. 1, 3.)

## II.      MOTION TO EXCEED PAGE LIMITS

On October 1, 2014, the United States District Court for the Eastern District of California, Fresno Division, entered a Standing Order signed by Chief Judge Morrison C. England, Jr., in the matter of In Re: Procedural Rules For Electronic Submission Of Prisoner Litigation Filed By Plaintiffs Incarcerated At Corcoran And Pleasant Valley.   The order

1

describes a pilot program in which the Court and the California Department of Corrections and Rehabilitation have agreed to participate, whereby initial pleadings submitted by prisoners in civil rights cases involving conditions of confinement are electronically filed.   The pilot program includes Corcoran State Prison and Pleasant Valley State Prison.   The order imposes a page limit on complaints filed by incarcerated Plaintiff.   Complaints are limited to twenty-five pages in length, including exhibits attached to the complaint.   The order provides that if a Plaintiff moves the Court to file a complaint longer than twenty-five pages, he or she must include the motion with the proposed complaint to the court and must demonstrate the grounds for the need to exceed the page limitation.

Plaintiff seeks relief from the Court's Standing Order, to file an initial complaint and exhibits that exceed the twenty-five page limit in the Standing Order.   Plaintiff explains that his complaint is 28 pages long and his exhibits are 24 pages long, for a total length of 52 pages.   Plaintiff argues that he needs 52 pages because he "has made 3 claims against 6 defendants and had to add extra sheets of paper in order to state a claim against each defendant."   (ECF No.  3 at 2.)

**Discussion**

Under federal notice pleading, a complaint is required to contain "a *short and plain statement of the claim* showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2) (emphasis added). "Such a statement must simply give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkeiwicz v. Sorema, N.A., 534 U.S. 506, 512 (2002).   While Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support Plaintiff's claim, detailed factual allegations are not required.   Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).   Plaintiff is not required to make any legal arguments in the complaint.   A complaint must give fair notice and state the elements of the claim plainly and succinctly.   Id.   To state a cognizable claim, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights.   Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948-49 (2009).

Plaintiff is also advised that he may not proceed in one action with multiple unrelated claims against different defendants.  The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.'  Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g)."  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  If Plaintiff intends to bring unrelated claims, he should file more than one complaint.

With respect to exhibits, while they are permissible, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a).  The Court strongly suggests to Plaintiff that they should not be submitted where (1) they serve only to confuse the record and burden the Court, or (2) they are intended as future evidence.  If this action reaches a juncture at which the submission of evidence is appropriate and necessary (e.g., summary judgment or trial), Plaintiff will have the opportunity at that time to submit his evidence.

Plaintiff, a state prisoner presently incarcerated at Corcoran State Prison, is proceeding pro se with this civil rights action.  On July 29, 2015, Plaintiff electronically filed a complaint for this action containing seven pages and no exhibits.  (ECF No. 1.)  Plaintiff has not shown good cause for the Court to allow him to exceed the twenty-five page limit for complaint and exhibits in the Standing Order.  Twenty-five pages is more than sufficient for Plaintiff to identify his three claims and set forth specific facts in support of those claims against six defendants.  The Court is faced with similar cases daily.  Therefore, Plaintiff's motion shall be denied.

///

**III.    CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion to exceed the twenty-five page limit for his Complaint and exhibits is DENIED.

IT IS SO ORDERED.

Dated:   __July 30, 2015__          _____/s/ Gary S. Austin_____
                                    UNITED STATES MAGISTRATE JUDGE