# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. ESTRADA,<br><br>  Plaintiff,<br><br>  v.<br><br>M. JENNINGS, et al.,<br><br>  Defendants. | Case No. 1:15-cv-01178-BAM-PC<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>THIRTY-DAY DEADLINE |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1] Currently before the Court is Plaintiff's August 26, 2015, first amended complaint.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on August 17, 2015. (ECF No. 10.)

1

1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)(internal quotation marks and citations omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010)(citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at CSP Corcoran, brings this civil rights action against Defendant correctional officials employed by the CDCR at CSP Corcoran.  Plaintiff names the following individual Defendants: Chief Deputy Warden M. Jennings; Captain G. Murphy; Chief, Office of Appeals R. L. Briggs; Correctional Counselor G. Virrueta; Correctional Counselor D. De Azevedo; Correctional Counselor T. Wyman.  Plaintiff claims that Defendants were deliberately indifferent to a serious risk to his safety in violation of the Eighth Amendment.

Plaintiff has been validated as a member of the Mexican Mafia since 2005.  Plaintiff is also a participant in the Mental Health Delivery System.  Plaintiff alleges that on March 30,

1  2005, Defendant Virrueta was Plaintiff's counselor.  Plaintiff met with Defendant Virrueta.
2  Virrueta told Plaintiff that he had received information from inmate informants that Plaintiff had
3  been assaulted.  Virrueta conducted a California Youth Authority (CYA) file review.  Plaintiff
4  alleges that instead of incorporating Plaintiff's work and education history, Virrueta incorporated
5  a disciplinary violation Plaintiff incurred for stealing another inmate's property. Virrueta
6  "affixed a custody designation and denied Plaintiff a right to review the CYA file which was
7  already destroyed and was not a complete file." (ECF No 16, p. 8.)

8  Plaintiff alleges that Virrueta was also aware of Plaintiff' safety concerns due to an
9  Institutional Gang Investigation (IGI) officer's notification to Plaintiff at another prison that
10 inmates were targeting Plaintiff for assault.  Plaintiff also alleges that "Virrueta's actions of
11 introducing Plaintiff's juvenile CYA file into Plaintiff's adult file and alleging Plaintiff is a sex
12 offender while no arrests, convictions or charges existed in Plaintiff's juvenile or adult history
13 and then comparing Plaintiff's name with an inmate with the same name from the 1970s and
14 1980s clearly was meant to bring harm to Plaintiff." (Id.)

15 Plaintiff alleges that Virrueta recruited informants within Plaintiff's building to
16 "intentionally ostracize Plaintiff with gang politics and to create a threatening environment for
17 Plaintiff with these inmates." (Id.)   Virrueta also refused to place Plaintiff on single cell status
18 while he was housed in Plaintiff's building.

19 Plaintiff appeared before an Institution Classification Committee (ICC) on April 17,
20 2014. Defendant De Azevedo was Plaintiff's Correctional Counselor at the time.  Plaintiff asked
21 De Azevedo if she would notify the committee members that Plaintiff's custody designation
22 created safety concerns and endangered Plaintiff's life.  Plaintiff explained that his underlying
23 criminal offense was for attempted murder and not for a sex offense.  De Azevedo told Plaintiff
24 that she would present the request to the ICC at the April 17, 2014, hearing.  The ICC elected to
25 deny Plaintiff's request to change his custody designation.  Specifically, Plaintiff retained an "R"
26 suffix to his custody designation, indicating that Plaintiff was a sex offender.

27 Plaintiff alleges that Defendant Correctional Counselor Wyman claims that he met with
28 him the day before the hearing.  Defendant Wyman was assigned to act as Plaintiff's staff

assistant.  Plaintiff alleges that Defendant Wyman did not meet with him, despite Wyman's awareness of Plaintiff's need for staff assistance due to his mental health treatment.

Plaintiff filed an appeal of the ICC's decision via a CDCR Form 602, inmate grievance. On December 22, 2014, Plaintiff's grievance was denied by Defendant G. Murphy. Captain Murphy denied Plaintiff's appeal on the ground that Plaintiff "has not presented any evidence his safety was in jeopardy or that any threat more serious or specific to him exists beyond that inherent to the correctional setting. Furthermore, the TLR notes no evidence that staff have created any risk to appellant's welfare." (Id. p. 9.)  Plaintiff alleges that his central file documents the specific safety concerns and threats to his life which stem from his "R" Suffix designation.  On January 2, 2015, Defendant Briggs denied Plaintiff's appeal at the third level of review.

## III.

## DISCUSSION

### A.    Eighth Amendment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041. 1045 (9th Cir. 2006.)  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (quotations omitted).  Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. Farmer, 511 U.S. at 833-34 (quotation marks omitted). Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).  However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate. It is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. Farmer, 511 U.S. at 834, 841 (quotations omitted); Clem, 566 F.3d at 1181, Hearns, 413 F.3d at 1040.  A prison official must

4

"be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and . . . must also draw the inference."

Here, Plaintiff fails to state a claim for relief. Plaintiff has alleged facts indicating that, in Plaintiff's subjective view, Defendants failed to grant his request to remove the "R" suffix from his central file, thus exposing Plaintiff to a serious risk of harm. Plaintiff concludes that Defendants are liable, because he told them that he was incorrectly designated as committing a crime that resulted in a sex offender classification. A generalized fear of harm fails to state a claim for relief. Plaintiff must allege facts indicating that each Defendant knew of a specific harm to Plaintiff and disregarded that harm. Plaintiff has not, however, alleged sufficient facts to place Defendants on notice of the factual grounds upon which other inmates knew about Plaintiff's classification, or what specific danger Plaintiff faced. An allegation of improper "R" suffix classification, without any facts indicating how officials knew of a specific threat to Plaintiff, fails to state a claim for relief under the Eighth Amendment. Gonzales-Cuevas v. Foulk, et al., 2015 WL 5697555 (E.D. Cal. Sep. 28, 2015) (finding qualified immunity for prison officials for inappropriate R suffix classification where plaintiff failed to allege factual basis upon which other inmates knew of plaintiff's classification). Plaintiff must allege facts from which each Defendant could draw an inference that Plaintiff faced a specific risk of serious harm. He has failed to do so here. Plaintiff's Eighth Amendment claim must therefore be dismissed.

**B. Grievance Process**

Plaintiff seeks to hold Defendants Murphy and Briggs liable because they denied Plaintiff's inmate grievance challenging the decision to retain his "R" suffix classification. Plaintiff is advised that involvement in reviewing an inmate's administrative appeal does not necessarily demonstrate awareness of an alleged violation, or contribute to the underlying violation. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007); Peralta v. Dillard, 744 F.3d 1076, 1086-87 (9th Cir. 2014). In order to hold these Defendants liable, Plaintiff must allege facts as to each Defendant indicating that they knew of and disregarded a serious threat to Plaintiff's safety. Plaintiff has failed to do so here. Defendants Murphy and Briggs should therefore be

5

1  dismissed.

2      **C.    Due Process**

3      To the extent that Plaintiff claims a due process violation for improper custody
4  classification, he is advised of the following. The Due Process Clause protects prisoners from
5  being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556
6  (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff
7  must first establish the existence of a liberty interest for which the protection is sought. Liberty
8  interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459
9  U.S. 460, 466-68 (1983).

10      The Due Process Clause itself does not confer on inmates a liberty interest in a particular
11  classification status. See Moody v. Daggett, 429 U.S. 78, 88, n. 9 (1976). The existence of a
12  liberty interest created by state law is determined by focusing on the nature of the deprivation.
13  Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by state law are
14  generally limited to freedom from restraint which "imposes atypical and significant hardship on
15  the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

16      Under certain circumstances, labeling a prisoner with a particular classification may
17  implicate a liberty interest subject to the protections of due process. Neal v. Shimoda, 131 F.3d
18  818, 827 (9th Cir. 1997) ("[T]he stigmatizing consequences of the attachment of the 'sex
19  offender' label coupled with the subjection of the targeted inmate to a mandatory treatment
20  program whose successful completion is a precondition for parole eligibility create the kind of
21  deprivations of liberty that require procedural protections."). Here, Plaintiff has alleged no facts
22  that establish the existence of a liberty interest with respect to the assignment of the "R" suffix
23  designation. The assignment of an "R" suffix and the resulting increase in custody status and
24  loss of privileges simply do not "impose atypical and significant hardship on the inmate in
25  relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484; Neal, 131 F.3d at 830;
26  Cooper v. Garcia, 55 F. Supp.2d 1090, 1101 (S.D. Cal. 1999); Johnson v. Gomez, No. C 95-
27  20717 RMW, 1996 WL 107275 at *2-5 (N.D. Cal. 1996); Brooks v. McGrath, No. C 95-3390 SI,
28  1995 WL 733675, at *1-2 (N.D. Cal. 1995). Plaintiff therefore fails to state a claim for relief

under section 1983 for a violation of the Due Process Clause.

### D. Statute of Limitations

Plaintiff's allegations regarding Defendant Virrueta's conduct in 2005 appear to be time barred. A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when "the running of the statute is apparent on the face of the complaint." Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) (quoting Huynh v. Chase Manhattan Bank, 465 F.3d 992, 1003-04 (9th Cir. 2006), cert. denied, 131 S.Ct. 3055 (2011). "A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." Von Saher, 592 F.3d at 969 (quoting Supermail Cargo, Inc. v. U.S., 68 F.3d 1204, 1206 (9th Cir;. 1995)).

Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009)(citation omitted); Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). Because section 1983 contains no specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Maldonado, 370 F.3d at 954; Fink, 192 F.3d at 914. California's statute of limitations for personal injury actions was extended to two years effective January 1, 2003. Cal. Civ. Proc. Code § 335.1; Jones, 393 F.3d at 927; Maldonado, 370 F.3d at 954-55.

In actions where the federal court borrows the state statute of limitations, courts should also borrow all applicable provisions for tolling the limitations found in state law. Jones, 393 F.3d at 927. Under California law, prisoners who at the time the cause of action accrued were either imprisoned on a criminal charge or serving a sentence of less than life for a criminal conviction benefit from a two-year tolling provision for damages actions. Cal. Civ. Proc. Code § 352.1. Plaintiff therefore had four years, until March 30, 2009, in which to challenge Defendant Virrueta's conduct. The complaint in this action was filed on July 29, 2015. (ECF No. 1). Plaintiff's allegations against Defendant Virrueta should therefore be dismissed as time barred.

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's first amended complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)(no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in and of itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;
2. Plaintiff's first amended complaint, filed August 26, 2015, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint or a notice of voluntary dismissal; and

///

///

4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim and to obey a court order.

IT IS SO ORDERED.

Dated: **June 14, 2016**                        /s/ *Barbara A. McAuliffe*
                                                                    UNITED STATES MAGISTRATE JUDGE